In the Matter of FREDERICK J. EMMENEGGER et al., Appellants, *v.* BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF GARDEN CITY et al., Respondents.

Second Department, March 2, 1970.

*Bill, Sullivan, Fleck & Fleck (Edmund G. Bill* of counsel), for appellants.

*Cullen & Dykman (George L. Hubbell, Jr.,* of counsel), for respondents.

HOPKINS, J.  The appellants own 15 lots in the Village of Garden City, comprising a plot having a frontage of 300 feet on Kensington Road and a depth of 100 feet.  Located on the plot are a one-family house and garage.  Presently the premises are zoned to permit the maintenance of a one-family house on plots having a minimum street frontage of 100 feet and a minimum area of 12,000 square feet.

The appellants applied to the respondents (constituting the Board of Appeals of the village) for a variance to permit the sale of a parcel embracing the northerly 100 feet of the plot and an area of 10,000 square feet — thus amounting to a parcel consisting of 2,000 square feet less than the area requirement of the zoning ordinance.  At the same time the appellants sought a variance of the side-yard requirements of the ordinance to permit the continued existence of the garage a foot south of the northerly side of the remaining plot, though the ordinance called for a minimum side line of three feet.

The respondents, expressly recognizing the rule of *Matter of Fulling v. Palumbo* (21 N Y 2d 30), found that a denial of the appellants' application would result in significant economic injury to them, not justified by considerations of public health, safety and welfare.  The respondents did not, however, grant the application in its entirety; they conditioned in effect the approval of the sale of the parcel to be severed upon the relocation of the garage on the applicants' remaining land in conformance with the side-yard requirements of the ordinance.  The appellants then instituted this proceeding under article 78 of the CPLR to review that part of the decision which imposed upon them the burden of the relocation of the garage.

Special Term dismissed the proceeding, holding that the decision of the respondents was not illegal or arbitrary.  We think that on this record the relocation of the garage as a condition to the granting of the area variance cannot be sustained, that the judgment must be reversed, and that the matter should be remitted to the respondents for a further hearing.

In the state in which this appeal is presented to us, we must assume that the respondents decided properly that the appellants will suffer a significant economic injury if a variance of the minimum area standards were refused, not balanced by the legitimate zoning interests which permit an interference with the exercise of the right of the appellants to subdivide their land and to sell subdivided parcels.  In making that decision, the respondents followed the test of constitutionality laid down in

*Matter of Fulling* v. *Palumbo* (21 N Y 2d 30, 33 *supra*): " The basic rule which has evolved from the cases is: where the property owner will suffer significant economic injury by the application of an area standard ordinance, that standard can be justified only by a showing that the public health, safety and welfare will be served by upholding the application of the standard and denying the variance."

True it is that *Matter of Fulling* v. *Palumbo* (*supra*) was concerned with the constitutionality of minimum area zoning — the use of governmental power whose primary purpose is directed toward the regulation of the density of population. We recognize that the appellants' application to the respondents combined requests for two variances, one for a relaxation of the minimum area requirements, to which *Matter of Fulling* v. *Palumbo* (*supra*) clearly referred, and the second for a relaxation of the side-yard requirements, not specifically dealt with in that opinion. Side-yard restrictions treat of additional zoning purposes, other than that of density of population alone — the uniformity of the arrangement of buildings on the land, and the appropriate enjoyment of light and air between adjoining owners. Nevertheless, both zoning prototypes must ·be properly considered as regulations aimed toward the allowable dimensions of the owner's land, as distinguished from regulations directed toward the allowable uses of the land. We therefore hold that the test in *Matter of Fulling* v. *Palumbo* (*supra*) applies as strongly to the constitutionality of side- and rear-yard requirements as it does to minimum area standards.[1]

The operation of that test as outlined in the *Fulling* opinion comprehends that the owner of land affected by area standards must first demonstrate that he has incurred, through the area regulations of the zoning ordinance, a significant economic injury, which is equated with severe financial loss (*Matter of Fulling* v. *Palumbo, supra,* pp. 33, 34), in which event the municipality must then discharge the burden of coming forward with proof that the public interest is served by the challenged regulations (cf. *Junar Constr. Co.* v. *Town Bd. of Town of Hempstead,* 57 Misc 2d 727, 728–729).[2]

1. We do not decide at this time whether *Matter of Fulling* v. *Palumbo* (21 N Y 2d 30) controls applications for variances of the provisions of a zoning ordinance prescribing the uses to which the land may be put.

2. We are not here confronted with the further operation of the test — that upon the showing by the municipality of the promotion of the public interest, the property owner to succeed must establish that the standards deprive him of any use to which the land is reasonably adapted (*Matter of Fulling* v. *Palumbo, supra,* p. 35), since the respondents have decided that the public interest is not served by the standard.

At the hearing before the respondents, the appellants demonstrated to the ostensible satisfaction of the respondents that they would suffer a significant economic loss unless a minimum area variance were granted. Thus, the appellants proved the economic value of the parcel to be severed which would be lost to them under the zoning requirements, and the impracticality of removing any part of the dwelling on the property to meet the requirements. However, the relocation of the garage did not become a topic of discussion at the hearing, though the need for a variance of the side-yard requirements of the ordinance with respect to the continued existence of the garage was clearly apparent. The reason for the lack of interest of the participants at the hearing to the variance of the side-yard requirements doubtless stemmed from the overriding prominence of the variance of the minimum area standard. The location of the garage was plainly subsidiary to the primary issue of the proper division of the appellants' plot.

The garage becomes nonconforming only because the respondents permitted the severance of the appellants' land into two plots. The appellants tell us that the garage is of brick construction, measuring 28 feet by 24 feet. The evidence at the hearing does not contain any proof as to the value of the garage, or the cost of its relocation. Without proof at the hearing, the appellants claim that the present garage would have to be demolished and a new garage constructed in order to comply with the condition imposed by the respondents. Equally without proof at the hearing, the respondents alleged in their answer that the garage can be relocated at a cost of $3,400 to the appellants — a cost which they say dwindles to insignificance in the face of the profit to be made by the appellants from the sale of the severed parcel.

Once having established their right to a variance under the test of *Matter of Fulling* v. *Palumbo* (*supra*), the appellants could not be subjected *to* the imposition of conditions diminishing that right. The respondents failed to take proper account of the variance of the side-yard requirements sought by the appellants. The grant of the variance may not constitutionally labor under a condition which deprives the appellants of the effective enjoyment of the variance. Under the circumstances, since the decision of the respondents entails burdens thrust upon the appellants without advance discussion and supporting evidence of the necessity for the burdens, the application for the variance of the side-yard requirements should be remitted for a further hearing before the respondents (cf. *Matter of Alexander Bldg. Corp.* v. *Lombardi*, 28 A D 2d 1001). At the

hearing, evidence under the test of *Matter of Fulling* v. *Palumbo* (*supra*), including the size and value of the garage, the cost and practicality of its relocation, the cost of its demolition and the construction of a new garage, if required, the inconvenience resulting from its relocation, and the effect, if any, on the surrounding neighborhood, of the continuance of its present location, should be heard and considered by the respondents, and a decision reached upon the evidence, reflecting a consideration of the factors which the test mandates.

BRENNAN, Acting P. J., BENJAMIN, MARTUSCELLO and KLEINFELD, JJ., concur.

Judgment reversed, on the law, without costs; respondents' determination of appellants' application for a variance of the side-yard requirements of the zoning ordinance annulled; and said application remitted to respondents for a further hearing and a new determination not inconsistent with the opinion rendered herewith.